UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4069-DOC (KK) | Date | June 8, 2015 |
|---|---|---|---|
| Title | Mario Morales v. Jeffrey Beard | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order Directing Petitioner to File Response Regarding Exhaustion**

    On May 29, 2015, Mario Morales ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), pursuant to 28 U.S.C. § 2254. (ECF Docket No. ("dkt.") 1). In the Petition, Petitioner challenges his 2013 convictions in Los Angeles County Superior Court for: (1) second-degree robbery, in violation of California Penal Code section 211; (2) misdemeanor vandalism, in violation of California Penal Code section 594(a); (3) vandalism of religious property, in violation of California Penal Code section 594.3(a); and (4) possession of a controlled substance, in violation of California Health and Safety Code section 11350(a). (Id.). Petitioner appears to set forth five grounds for habeas relief: (1) invalid Boykin-Tahl waiver ("Claim One"); (2) erroneous use of a juvenile prior at sentencing ("Claim Two"); (3) insufficiency of the evidence supporting Petitioner's vandalism and robbery convictions ("Claim Three"); (4) denial of Petitioner's choice of counsel, in violation of the Sixth Amendment ("Claim Four"); and (5) prejudicial ex parte communication between a juror and Petitioner ("Claim Five"). (Id.).

    A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4069-DOC (KK) | Date | June 8, 2015 |
|---|---|---|---|
| Title | Mario Morales v. Jeffrey Beard | | |

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim."  Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice.  See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Here, the Petition indicates Claims Two, Four, and Five have not been ruled on by the California Supreme Court.  See Pet. at 2.  Petitioner states he has raised Claims Two, Four, and Five in a habeas corpus petition *currently pending* before the California Supreme Court.  Petitioner does not list these claims among those he raised in his only other filing in the California Supreme Court.  Id.  Therefore, it appears from the record now before the Court that the instant Petition is subject to dismissal as a mixed petition because Petitioner has not exhausted his state remedies in regard to Claims Two, Four, and Five.  However, before deciding this matter, the Court will first give Petitioner an opportunity to address the exhaustion issue by electing any of the following five options:

### Option 1:

If Petitioner contends he has in fact exhausted his state court remedies on Claims Two, Four, and Five, he should clearly explain this in a response to this Order.  Petitioner should attach to his response copies of any documents establishing that Claims Two, Four, and Five are indeed exhausted.  (Petitioner may also file a response, and include a notice that, if the court still finds the petition to be mixed, he alternatively selects one of the other options discussed below.)

### Option 2:

Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience.**  The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in subsequent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4069-DOC (KK) | Date | June 8, 2015 |
|---|---|---|---|
| Title | Mario Morales v. Jeffrey Beard | | |

habeas petitions, those claims may be time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).

### Option 3:

Petitioner may request a voluntary dismissal of only the unexhausted claims (Claims Two, Four, and Five ), and elect to proceed on only his two exhausted claims. **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The Court advises Petitioner, however, that if he elects to proceed now with only his exhausted claims, any future habeas petition containing Claims Two, Four, and Five or other claims that could have been raised in the instant Petition may be rejected as successive (or may be time-barred).

### Option 4:

Pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), Petitioner may ask the Court to stay all of the claims in a mixed petition while he returns to the state courts to exhaust his already pled but unexhausted claims. To obtain a stay of this case pursuant to Rhines, Petitioner is required to: (a) show good cause for his failure to exhaust Claims Two, Four, and Five in state court earlier; and (b) show that Claims Two, Four, and Five are not "plainly meritless." See id. at 277. (Petitioner also may request a Rhines stay, and include a notice that, if the Court denies the Rhines stay, he alternatively selects one of the other options.)

### Option 5:

Pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), Petitioner may dismiss Claims Two, Four, and Five and ask the Court to stay his remaining, fully exhausted claims while he returns to the state courts to exhaust Claims Two, Four, and Five. The Court advises Petitioner, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4069-DOC (KK) | Date | June 8, 2015 |
|---|---|---|---|
| Title | Mario Morales v. Jeffrey Beard | | |

expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition.  Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).  (Petitioner also may request a Kelly stay, and include a notice that, if the Court denies the Kelly stay, he alternatively selects one of the other options.)

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court may recommend the Petition be dismissed as a mixed petition.  Accordingly, as noted above, Petitioner may select options in the alternative.

**Summary:** In sum, in order to select Option 1, Petitioner must file a response to this Order showing Claims Two, Four, and Five are exhausted.  In order to select Options 2 or 3, Petitioner may file the attached Notice of Dismissal form and fill it out according to his choice.  In order to select Options 4 or 5, Petitioner must file a written response requesting a stay pursuant to either Rhines or Kelly.  With Options 1, 4, or 5, Petitioner may select an alternative option in the event the Court finds certain claims unexhausted and/or denies the request for a stay.  Whichever option Petitioner selects, Petitioner must file and serve the responding document clearly stating the option selected *no later than June 29, 2015*.

IT IS THEREFORE ORDERED:

1. **By June 29, 2015,** Petitioner is ordered to respond to this Order by electing any of the five options presented above.  **The Court warns Petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice as a mixed petition, for failure to prosecute, and/or for failure to obey court orders.**