UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-4069-DOC (KK) | Date | June 25, 2015 |
|---|---|---|---|
| Title | Mario Morales v. Jeffrey Beard | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers) Order Denying Petitioner's Request for a <u>Rhines</u> Stay and Directing Response Regarding <u>Kelly</u> Stay**

On May 29, 2015, Mario Morales ("Petitioner"), a California state prisoner proceeding <u>pro se</u>, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254. On June 8, 2015, finding the Petition contained unexhausted claims, the Court issued an Order Directing Petitioner to File Response Regarding Exhaustion. On June 22, 2015, Petitioner filed a Response to the Court's Order, requesting a stay of this action pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), or alternatively a stay pursuant to <u>Kelly v. Small</u> 315 F.3d 1063, 1070-71 (9th Cir. 2003). For the reasons discussed below, Petitioner's request for a <u>Rhines</u> stay is denied and he is directed to file a voluntary dismissal of his unexhausted claims if he wishes to pursue a <u>Kelly</u> stay.

# I.
# PROCEDURAL BACKGROUND[1]

On March 5, 2013, following a jury trial in Los Angeles County Superior Court, Petitioner was convicted of the following offenses: (1) second-degree robbery, in violation of California Penal Code section 211; (2) misdemeanor vandalism, in violation of California Penal Code section 594(a); (3) vandalism of religious property, in violation of California Penal Code section 594.3(a); and (4) possession of a controlled substance, in violation of California Health and Safety Code section 11350(a). <u>See</u> Pet. at 1.

---

[1] When summarizing the procedural history of this case, the Court relies on the allegations in the instant Petition and the websites of the California Court of Appeal and the California Supreme Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4069-DOC (KK) | Date | June 25, 2015 |
|---|---|---|---|
| Title | Mario Morales v. Jeffrey Beard | | |

On August 20, 2014, the California Court of Appeal affirmed Petitioner's convictions in a reasoned decision on direct appeal. On November 12, 2014, the California Supreme Court denied discretionary review of the appeal.

On April 20, 2015, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. See Pet. at 2. According to the instant Petition, Petitioner's state petition for a writ of habeas corpus before the California Supreme Court is still pending and has not been ruled upon.[2]

On May 29, 2015, Petitioner filed the instant Petition in this Court. (ECF Docket No. 1). In the Petition, Petitioner appears to set forth five grounds for habeas relief: (1) invalid Boykin-Tahl waiver ("Claim One"); (2) erroneous use of a juvenile prior at sentencing ("Claim Two"); (3) insufficiency of the evidence supporting Petitioner's vandalism and robbery convictions ("Claim Three"); (4) denial of Petitioner's choice of counsel, in violation of the Sixth Amendment ("Claim Four"); and (5) prejudicial ex parte communication between a juror and Petitioner ("Claim Five"). (Id.).

On June 8, 2015, finding the instant Petition indicated Claims Two, Four, and Five are unexhausted, the Court issued an Order offering Petitioner five options to address the exhaustion issue: (1) explain in a response that he has in fact exhausted state court remedies; (2) request a voluntary dismissal of the action; (3) request a voluntary dismissal of only his unexhausted claims; (4) request a stay of the proceedings pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005); or (5) voluntarily dismiss his unexhausted claims and request a stay of the proceedings pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003). (Dkt. 3).

On June 22, 2015, Petitioner filed a Response to the Court's June 8, 2015 Order, requesting a stay of this action pursuant to Rhines, or alternatively pursuant to Kelly. (Dkt. 8).

///

---

[2] Petitioner also suggests he has another petition pending in state court. See Pet. at 2. According to Petitioner, the petition seeks to recall his sentence, pursuant to California Penal Code section 1170.18. Id. It is unclear what state court Petitioner has filed this petition in or whether it is still pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4069-DOC (KK) | Date | June 25, 2015 |
|---|---|---|---|
| Title | Mario Morales v. Jeffrey Beard | | |

# II.
# DISCUSSION

### A.  Legal Standard

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*).  The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice.  See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Under Rhines v. Weber, a district court has discretion to stay a mixed federal habeas petition to allow a petitioner time to present his unexhausted claims to state courts.  544 U.S. 269, 276, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).  This "stay and abeyance" procedure is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Id. at 277-78.

Under Kelly v. Small, if a petitioner dismisses a mixed petition's unexhausted claims, the district court may stay the petition's remaining exhausted claims to allow the petitioner time to exhaust the unexhausted claims in state court.  315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).  Unlike the procedure permitted by Rhines, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies."  King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

### B.  Petitioner's Request for a Rhines Stay is Denied

In his Response to the Court's June 8, 2015 Order, Petitioner requests that the Court stay this action pursuant to Rhines until the California Supreme Court rules on his

Case 2:15-cv-04069-DOC-KK   Document 9   Filed 06/25/15   Page 4 of 5   Page ID #:56

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4069-DOC (KK) | Date | June 25, 2015 |
|---|---|---|---|
| Title | Mario Morales v. Jeffrey Beard | | |

pending state habeas petition (purportedly containing Claims Two, Four, and Five). Response at 1-2. However, Petitioner does not provide good cause for his failure to raise these claims in state court earlier, as required for a stay under Rhines. Petitioner merely claims the California Supreme Court will soon rule on his pending state habeas petition (thereby, exhausting Claims Two, Four, and Five) and that it would be inefficient to dismiss the instant Petition on exhaustion grounds given the California Supreme Court's pending ruling. Response at 2. The fact that the California Supreme Court may soon rule on Petitioner's pending state habeas petition does not constitute "good cause" under Rhines for Petitioner's prior failure to exhaust Claims Two, Four, and Five. In any event, it is unclear when the California Supreme Court will rule on Petitioner's state habeas petition.[3] Hence, Petitioner's request for a Rhines stay must be denied.

**C.    Instructions Regarding Petitioner's Request for a Kelly Stay**

In his Response to the Court's June 8, 2015 Order, Petitioner requests that the Court alternatively stay this action pursuant to Kelly. Response at 2. The Court finds a Kelly stay proper here. If Petitioner wishes to pursue a Kelly stay, he is instructed to file a "Notice of Dismissal" form voluntarily dismissing his unexhausted claims. **A Notice of Dismissal form is attached for Petitioner's convenience.**

**Petitioner is cautioned that if he fails to submit a Notice of Dismissal form as per the Court's instructions, the Court will recommend the Petition be dismissed as a mixed petition.**

///
///
///
///

---

[3]    Petitioner claims the California Supreme Court is required to rule on his pending state habeas petition within sixty days of its filing, citing California Rule of Court 4.551(a)(3)(A). Response at 1-2. Rule 4.551(a)(3)(A) provides "[t]he court must rule on a petition for writ of habeas corpus within 60 days after the petition is filed." Cal. Rules of Court 4.551(a)(3)(A). However, California Rule of Court 4.551 does not apply to proceedings in the California Supreme Court and only applies to habeas corpus petitions filed in California Superior Court. See Cal. Rules of Court 4.550(a) ("This chapter applies to habeas corpus proceedings in the superior court . . . .").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4069-DOC (KK) | Date | June 25, 2015 |
|---|---|---|---|
| Title | Mario Morales v. Jeffrey Beard | | |

# III.
# CONCLUSION

Accordingly, it is ORDERED that:

1. Petitioner's request for a Rhines stay is **DENIED**.

2. Petitioner is instructed to file a voluntary dismissal of his unexhausted claims by **July 9, 2015**, so that the Court may stay this action pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003).